**UNITED STATES of America,**
**Appellee,**

v.

**Duwayne JOHN, Defendant–Appellant.**

No. 05–4300–cr.

United States Court of Appeals,
Second Circuit.

Sept. 26, 2007.

Jeffrey Lichtman (Mariel S. Lasasso, on the brief), New York, NY, for Defendant–Appellant.

Jacob W. Buchdahl (Katherine Polk Failla, on the brief), Assistant United States Attorneys, of counsel, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant Duwayne John was convicted, after a jury trial, of conspiracy to distribute and possess with intent to distribute marijuana, distribution and possession of marijuana with intent to distribute, and possession of a firearm in furtherance of the marijuana conspiracy. On appeal the defendant argues that his Sixth Amendment rights were violated because the district court did not grant his request for an adjournment of the trial date. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review a denial of a request for a continuance for abuse of discretion. *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). While the Sixth Amendment right to counsel includes a qualified right to be represented by the counsel of defendant's choice, *Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988), we have held that this right "may be overcome when it is outweighed by competing interests in the fair administration of justice or maintaining orderly trial procedures," *Lainfiesta v. Artuz,* 253 F.3d 151, 154 (2d Cir. 2001). The Supreme Court has recently reaffirmed that it is within "a trial court's wide latitude [to] balanc[e] the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez–Lopez,* —— U.S. ——, 126 S.Ct. 2557, 2565–66, 165 L.Ed.2d 409 (2006) (internal punctuation and citation omitted).

We hold that the district court did not err in granting only a two-and-a-half day continuance, instead of the five-day continuance requested. Defense counsel, Mel Sachs, had ample notice that he had scheduled nearly back-to-back trials; he was in no position to demand a continuance on the eve of trial when his estimates proved inaccurate. Furthermore, the district court sought a compromise by delaying trial by several days. Sachs never contacted the court to inform it that, in fact, the other trial was further delayed. Nor did Sachs argue that a further continuance was necessary to protect defendant's Sixth Amendment rights. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), cited by John, is inapposite. In that case the trial court did not designate counsel until the morning of trial, *id.* at 57, 53 S.Ct. 55, whereas Sachs was retained months in advance, served as chief counsel during the trial (he did the opening and closing statements and cross-examined several witnesses) and was available to prepare substitute counsel who was in-

formed nearly a week before trial that he might represent the defendant. Finally, while John argues that substitute counsel was unprepared, this argument finds no support in the record.

The judgment of the district court is therefore **AFFIRMED.**